IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HUNTERS HELPING KIDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-123 |
| | ) | |
| ALL 4 KIDS HUNTING, INC., a/k/a | ) | |
| HUNTERS 4 KIDS, INC., and DALE | ) | |
| DODSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff initiated this action against Defendants, alleging breach of contract and reasserting various federal and state claims that were dismissed by the Court following a settlement agreement in a prior action. Before the Court is Defendants' partial motion to dismiss Plaintiff's claims to the extent they involve claims that were previously dismissed as a result of the settlement agreement. (ECF No. 17.) For the reasons that follow, the Court grants the motion.

In July 2014, Plaintiff filed suit in this Court, alleging that it owned "the trademarks and trade names HUNTERS HELPING KIDS™ and the Hunters Helping Kids logo." (ECF No. 12-1 ¶ 15.) Plaintiff alleged that Defendant Dodson, while employed with Plaintiff, created a competing organization which operated under the names All 4 Kids Hunting, Inc. and Hunters 4 Kids, Inc. (*Id.* ¶¶ 28–30.) The Complaint alleged claims of false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a), unfair competition, and unfair and deceptive trade practices against Defendants in violation of N.C. Gen. Stat. § 75-1.1 (*Id.* ¶¶ 42–53.)

Plaintiff also alleged claims of constructive fraud, conversion, breach of fiduciary duty, and wrongful interference with contract against Defendant Dodson. (*Id.* ¶¶ 54–76.)

On December 11, 2015, the Court held a pre-trial settlement conference, and the parties reached a settlement. The terms of the settlement were memorialized in a settlement memorandum (ECF No. 12-2) and were recited on the record in open court. Under the settlement agreement, Defendants were required to (1) change their name and logo no later than January 15, 2016 to a name and logo agreeable to Plaintiff; (2) execute an apology to Plaintiff and deliver it no later than January 15, 2016; (3) pay Plaintiff $32,000, of which $15,000 was to be paid by January 15, 2016 and the remaining $17,000 to be paid in monthly installments of $1,000; and (4) take steps necessary to turn over the title to a pickup truck and to have said title reassigned solely to Hunters Helping Kids, Inc. (*Id.*) The parties advised the Court that these terms represented their agreement. Based on the parties' representations, the Court dismissed[1] the case in open court and subsequently entered a judgment to that effect (ECF No. 12-3).

In February 2016, Plaintiff initiated this action, contending that Defendants breached the terms of the settlement agreement by continuing to use the "All 4 Kids Hunting" name and by failing to provide Plaintiff with sole title to the truck at issue. (ECF No. 1 ¶¶ 46–48.) Plaintiff's Complaint alleges five claims against Defendants: (1) false advertising in violation

---

[1] Plaintiff contends that the dismissal was without prejudice. (ECF No. 20 at 12.) However, the Court's judgment did not specify that the dismissal was without prejudice. (*See* ECF No. 12-3.) The default rule is that an order or judgment dismissing an action is a dismissal *with* prejudice unless stated otherwise. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). Defendants do not seek dismissal on these grounds.

of the Lanham Act; (2) unfair competition; (3) unfair and deceptive trade practices; (4) conversion; and (5) breach of contract. (*Id.* ¶¶ 49–72.)

When the parties submitted their Rule 26(f) reports, the Magistrate Judge presiding over discovery set the matter for hearing on July 21, 2016 "to address concerns regarding the Court's subject matter jurisdiction in this case, given that the claims in the present case appear to be based on claims for breach of a settlement agreement in a prior case in this Court." (ECF No. 16 at 1; ECF No. 9 at 1.) The Magistrate Judge had a concern that Plaintiff was attempting to use this new action to renegotiate the terms of the settlement agreement in the prior action.[2] (ECF No. 16 at 2.) Because the parties agreed that the Court had subject matter jurisdiction based on claims that arose after the settlement agreement was executed in the prior case, the Judge set a briefing schedule for Defendants to move to dismiss the claims that were previously settled and dismissed by the Court. (*See id.* at 1, 3.)

Defendants now move to dismiss Plaintiff's Lanham Act, unfair competition, and unfair and deceptive trade practices claims to the extent the claims are based on acts that occurred prior to the execution of the settlement agreement. (ECF No. 18 at 6, ECF No. 21 at 7.) Similarly, Defendants seek dismissal of the conversion claim on grounds that the settlement agreement constituted a full and complete release of all claims brought by Plaintiff in the prior action. (ECF No. 18 at 9.)

---

[2] Plaintiff argued that it could pursue both a breach of contract claim and the previously-dismissed Lanham Act claims and could make an election of remedies later. (ECF No. 16 at 3 n.1.) The Magistrate Judge stated that "Plaintiff's present suit does not simply seek a declaration of the right to rescind the settlement agreement and pursue the previously-dismissed claims as a potential remedy for the breach of contract claims; instead, Plaintiff is already pursuing those dismissed Lanham Act claims." (*Id.* (citing *Keyzer v. Amerlink, Ltd.*, 188 N.C. App. 165, 654 S.E.2d 833, 2008 WL 132048, at *4 (N.C. Ct. App. Jan. 15, 2008).)

3

As an initial matter, the Court must address Defendants' motion, which was made pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 17.) Defendants assert a "factual attack" on Plaintiff's contention that the Court has subject matter jurisdiction.[3] (ECF No. 18 at 5.) Defendants, however, acknowledge that the Court has subject matter jurisdiction over Plaintiff's Lanham Act claim based on alleged acts taken by Defendants after the date Defendants were supposed to change their name and logo, January 15, 2016. (*Id.* at 9.) It appears that Defendants have conflated the issue of subject matter jurisdiction, which can be challenged under Rule 12(b)(1), with the issue of whether the Complaint states a claim for relief, which is a challenge to the sufficiency of the Complaint under Rule 12(b)(6). *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). Defendants' motion is similar to a motion challenging the legal sufficiency of a claim based on an affirmative defense pursuant to Rule 12(b)(6).[4] Thus, the Court will treat Defendants' motion as seeking dismissal of Plaintiff's pre-settlement claims under the standards of Rule 12(b)(6).

"Court-facilitated settlements are an important aspect of the judicial process and of its purpose in providing an orderly and peaceful resolution of controversies." *Hensley v. Alcon*

---

[3] On a factual attack to the court's subject matter jurisdiction, there is no presumption of truthfulness to the allegations in the complaint, and the court may go beyond the complaint "to decide disputed issues of fact" with respect to its subject matter jurisdiction. *Bullock v. United States*, 176 F. Supp. 3d 517, 527 (M.D.N.C. 2016) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).

[4] *See Highland Renovation Corp. v. Hanover Ins. Grp.*, 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (concluding that the affirmative defense of limitations period raised in a Rule 12(b)(1) motion was not "jurisdictional" but was "substantive" and thus would be viewed as one brought under Rule 12(b)(6); *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

4

*Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). The Fourth Circuit has a strong policy of "foster[ing] settlement in order to advantage the parties and to conserve scarce judicial resources." U*nited States ex rel. McDermitt, Inc. v. Centex-Simpson Constr. Co.*, 34 F. Supp. 2d 397, 399 (N.D. W. Va. 1999) (citing *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 185 (4th Cir. 1993)). Because a settlement agreement voluntarily entered into by the parties enjoys great favor with the courts, it cannot be repudiated by either party. *See Petty v. Timken Corp.*, 849 F.2d 130, 133 (4th Cir. 1988) (explaining that defeated expectations do not entitle a litigant to repudiate commitments made to the opposing side or to the court); *Mungin v. Calmar Steamship Corp.*, 342 F. Supp. 484, 487 (D. Md. 1972) (stating that there is a "judicial policy of favoring the enforcement of settlement agreements"). Thus, "judicial economy commands that a party be held to the terms of a voluntary agreement." *Petty*, 849 F.2d at 133.

In North Carolina, a settlement agreement constitutes a valid contract between the settling parties and is "governed by general principles of contract law." *Chappell v. Roth*, 548 S.E.2d 499, 500 (N.C. 2001). "[W]hen a settlement agreement has been breached two remedies are available—a suit to enforce the agreement or a Rule 60(b)(6) motion to vacate the prior dismissal" and have the case reopened. *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir. 1982); *see also Hardin v. KCS Int'l, Inc.*, 682 S.E.2d 726, 741 (N.C. Ct. App. 2009) ("[A] party has two options in deciding how to specifically enforce the terms of the settlement agreement. [A party] could: (1) take a voluntary dismissal of his original action and then institute a new action on the contract, or (2) seek to enforce the settlement agreement by petition or motion in the *original* action." (second alteration in original) (quotation omitted)).

In this action, Plaintiff has not only elected to enforce the agreement by way of its breach of contract claim, but has also decided to pursue the previously-dismissed claims as a potential remedy for the breach of contract claim. However, "one who agrees to settle [its] claim cannot subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim [it] agreed to settle." *Kirby v. Dole*, 736 F.2d 661, 664 (11th Cir. 1984). Defendants represent,[5] and Plaintiff does not dispute, that Defendants have changed the name of their company, executed the apology, and made payment of $15,000 along with the $1,000 monthly installments as agreed. Defendants also represent that they reassigned and provided Plaintiff title to the pickup truck.[6] It appears that nearly all of the settlement terms have been satisfied or are in the process of being satisfied, except the term requiring Defendants to change their logo.[7] To hold that Plaintiff may pursue the claims previously settled alongside the claim for breach of the settlement agreement would allow Plaintiff to enjoy the benefit of its bargain pursuant to the settlement agreement, *i.e.*, Defendants' substantial performance of the settlement terms, while denying Defendants the benefit of their bargain. "[E]quity demands that both parties receive the benefit of their bargain pursuant to

---

[5] (*See* ECF No. 18 at 11–13.)

[6] While the settlement agreement provided that Defendants "shall take whatever steps necessary to turn over the title to the pickup truck," there was no time limit for completion of this settlement term. (ECF No. 12-2 ¶ 4.) Defendants state that they mailed Plaintiff the title to the truck on March 15, 2016 but an issue surfaced requiring Dodson to execute the title at DMV, which he states took place on May 31, 2016. (ECF No. 18 at 14.)

[7] Defendants have provided the Court with emails that show that Defendants submitted both a name and logo change to Plaintiff for consideration on December 18, 2015. (ECF No. 15-2 at 4.) Plaintiff responded on December 22, 2015 approving the new name but not the logo, stating Plaintiff "does not approve of the logo that was proposed, nor will it approve of any logo that implies or suggests a hunting theme." (*Id.* at 1–2.)

the [s]ettlement [a]greement." *Crawford v. Potter*, No. Civ. 1:04cv00303, 2005 WL 2452092, at *5 (M.D.N.C. Oct. 4, 2005); *Keyzer*, 2008 WL 132048, at *4 ("Upon defendant's failure to abide by the settlement agreement, plaintiff had an election to make: either pursue the original claim as though no settlement had been reached, or pursue enforcement of the settlement agreement as a release of the underlying claims. To allow plaintiff to pursue both actions is repugnant to the whole purpose behind the settlement and release.").

Plaintiff, nevertheless, contends that because Defendants materially breached the settlement agreement, it is entitled to rescind the settlement agreement, if it chooses, because Defendants' breach goes to the heart of the agreement. (ECF No. 20 at 4.) Plaintiff therefore reasons that it can pursue the previously-dismissed claims alongside its claim for breach of contract and elect an award of damages or rescission later. (*See id.* at 10.)

While the North Carolina Supreme Court has recognized that a settlement agreement, like any other contract, can be rescinded where there is a material breach that goes to the heart of the agreement, *Wilson v. Wilson,* 134 S.E.2d 240, 242 (N.C. 1964), the cases on which Plaintiff relies do not support the notion that a party is allowed to pursue, in the same lawsuit, rescission based on breach of a settlement agreement along with the claims that led to the agreement.[8] Further, the remedy of rescission is not absolute upon a finding of a material

---

[8] Plaintiff's reliance on *Wilson* and *Steak House, Inc. v. Barnett*, 65 So. 2d 736 (Fla. 1953), is misplaced. In *Wilson*, the plaintiff elected to sue for alimony and not damages for breach of a settlement agreement after her husband allegedly refused to make payments under their agreement and announced that he had no intention of doing so. *Wilson*, 134 S.E.2d at 241, 245. *Steak House* is a decision from the Supreme Court of Florida and is also distinguishable in that the plaintiff brought an action for rescission on grounds that plaintiff was fraudulently induced to execute the settlement agreement. 65 So. 2d at 737–38. Nor is it binding on this Court. Neither case stands for the proposition that a plaintiff can pursue simultaneously a claim for breach of a settlement agreement and the claims covered by that agreement.

7

breach. *See Morris v. Scenera Research, LLC*, 788 S.E.2d 154, 161 (N.C. 2016). "A party may pursue rescission only when a material breach occurs *and* all legal remedies fall[] short of compensating the injured party for its loss." *Id.* As such, whether Plaintiff can rescind the settlement agreement is a decision that is made after trial. *See Morris v. Scenera Research, LLC*, 747 S.E.2d 362, 381 (N.C. Ct. App. 2013) (citing *Mapp v. Toyota World, Inc.*, 344 S.E.2d 297, 301 (N.C. Ct. App. 1986) ("[W]e hold that plaintiff should be allowed to elect her remedy after the jury's verdict.")), *rev'd on other grounds*, 788 S.E.2d 154. If granted rescission following trial, Plaintiff may then pursue the previously settled claims as if there were no settlement agreement.[9] This result honors the parties' settlement agreement, which the parties agree is valid and enforceable, and does not frustrate the settlement process or undermine the finality of court judgments.

For the reasons outlined herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that Defendants' partial motion to dismiss (ECF No. 17) is GRANTED. Plaintiff's Lanham Act, unfair competition, unfair and deceptive trade practices, and conversion claims are dismissed to the extent they were resolved and dismissed

---

[9] Even if rescission of the settlement agreement is granted, Plaintiff's ability to pursue the previously-dismissed claims depends on whether Defendants can be restored to their position prior to execution of the settlement agreement. *See Lumsden v. Lawing*, 451 S.E.2d 659, 662 (N.C. Ct. App. 1995) ("[A]s a general rule, a party is not allowed to rescind where he is not in a position to put the other in *statu quo* by restoring the consideration passed." (quotation omitted)); *see also Wilson*, 134 S.E.2d at 245 (explaining that if there has been partial performance by the defendant, the plaintiff must account for benefits she received to be entitled to rescission). Plaintiff has not represented that it has restored Defendants to the status they occupied prior to the settlement, which Defendants represent is impossible to do given that they have already changed their name, among other things, to fulfill the terms of the settlement agreement (ECF No. 21 at 2).

8

pursuant to the parties' settlement agreement.  This Order does not affect alleged violations that occur after the date of the settlement.

This, the 28th day of February, 2017.

                /s/ Loretta C. Biggs
           United States District Judge